The opinion of the Court was delivered by
Waudlaw, J.
The case of Curry vs. Lyles, (2 Hill, 404,) and the authorities there cited, sustain the admissibility of parol testimony to explain the incidental acquittance of the consideration money, which is contained in the plaintiff’s deed conveying land to the defendant.
This Court does not perceive, that there were such mutual running accounts between the parties, as either came within the exception to the statute of limitations, relative to merchants’ ac *124 counts, or could have arrested the statute by way of paymentsj pro tanto, and admissions thence inferred. On this head, the ruling of the Circuit Judge seems, according to the information which this Court possesses, to have been more favorable to the plaintiff than it should have been : but on another head it was less so.
From the alternative words used by Nicks, the plaintiff’s witness, it may well be assumed, that the time of the transaction spoken of by him, was such as is most unfavorable to the plaintiff, that, is, after the demand for the land was barred by the statute. The question is, whether the defendant then made an acknowledgement, which amounted to a new and valid contract. If the acknowledgement was conditional, clearly it could not suffice without allegation and proof that the condition had been performed. For some of the Court it has been hard to overcome the impression, that the acknowledgement made by the defendant, was meant to depend upon the plaintiff’s acceptance of the terms contained in the message sent by Nicks.
If the facts were precisely ascertained, the Court would resolve the question as to their sufficiency to withstand the statute r for always, in. the determination of facts, in cases where evidence is offered of admissions to re-establish a demand barred by the statute, juries must be sternly required to regard the instructions given to them upon the law (Horlbeclc vs. Hunt, 1 McM. 197), But exactly what words were used by the defendant, or what meaning should, under the circumstances, be given to the words he used, does not appear. A majority of the Court is inclined to infer from the report, that the only dispute was as to the negro, and that the admission as to the land was-absolute, tantamount to saying, “ I owe $800 for the land, and if he will admit the sale of the negro, I will owe $400 more, but my indebtedness is subject to discount for my demands.” The verdict would be taken as conclusive on the point in doubt, if it was not that the Judge, without actually saying so, seems to have held out, that an express promise to pay is always necessary, when a debt has been already barred. We are well satis *125 fied with the rule laid down in Young vs. Monpoey, (2 Bail. 278,) and enforced in so many cases that have followed it. After the bar has been complete, there must be such a promise as will sustain an action founded on that promise, the old debt being merely a consideration for the new promise. But the promise may be either express or implied: in either form it must be unconditional, and established by evidence unambiguous and full. Without an express promise, an unqualified admission of a subsisting legal liability, in reference to a definite debt, unac-. companied by any indication of an unwillingness to pay, is proof of indebtedness, which will raise a legal implication of a promise to pay that debt. If the words used by the defendant amounted. to such an admission as to the price of the land, they were sufficient to take that demand out of the statute.
That precise information on this point may be had under full instructions, a new trial is ordered.
O’Neall, Frost, Withers, Whitner and Glover, JJ., concurred.

Motion granted.